Bert Carter, Jr., Bar No. 81278
Attorney at Law
1714 Franklin Street, Suite 300
Oakland, CA 94612
Telephone (510) 465-7727

Attorney for Plaintiff
RONALD AUSTIN

FILED
OCT - 7 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RONALD AUSTIN, DEBORAH AUSTIN,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW LANGE, CORNELL CORRECTIONS CENTER, U. S. FEDERAL BUREAU OF PRISONS, and DOES 1-50.<br><br>Defendants. | CASE NO. C10-04551<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U. S. C. Section 1983<br>2. False Arrest<br>3. False Imprisonment<br>4. Negligence<br>5. Intentional Infliction of Emotional Distress<br>6. Negligent Infliction of Emotional Distress<br>7. Loss of Consortium |

## I.

## JURISDICTION AND VENUE

JURISDICTION: Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States, including the Fourth and/or Fourteenth Amendments to the Constitution of the United States; and jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1343(4).

VENUE: The unlawful acts and practices alleged below were committed within the State of California and in the judicial district of the United States District Court for the Northern District of California. Venue is also proper because at least one defendant is the United States of America.

LAW OFFICE OF
BERT CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

Plaintiff's Complaint for Damages

1

## II.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff RONALD AUSTIN, is an American citizen who resides, and at all material times relevant to this action, was residing in the City of Suisun City, County of Solano, California.

2. Plaintiff DEBORAH AUSTIN, is the spouse of Plaintiff Ronald Austin and, at all times relevant to this action, these Plaintiffs were husband and wife.

3. Defendant U. S. FEDERAL BUREAU OF PRISONS, is and at all times herein mentioned was, a federal entity corporation duly organized and existing under the laws of the United States of America.

4. Defendant CORNELL CORRECTION CENTER is, and at all times herein mentioned was, a duly constituted federal correctional agency charged with administering and maintaining law enforcement within the United States of America.

5. At all times hereinafter set forth, MATTHEW LANGE, was employed by the U. S. FEDERAL BUREAU OF PRISONS and CORNELL CORRECTION CENTER as the Facility Director of the Cornell Correction Center. Said Defendant officer is sued herein individually and in his capacity as the Facility Director of the Cornell Correction Center. In engaging in the conduct described herein, said Defendant acted under color of law and in the course and scope of his employment by the U. S. Federal Bureau of Prisons.

6. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the true names and capacities of Defendant DOES 1 through 50, inclusive, when they have been ascertained.

7. Plaintiff is required to comply with an administrative claim requirement under Federal law. Plaintiff has complied with all applicable requirements.

8. At all times herein mentioned, each and every Defendant was the agent or

employee of their Co-Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency of employment and with the actual or implied permission, consent, authorization, and approval of their Co-Defendants.

9. Plaintiff was incarcerated in the Federal Department of Corrections after entering a plea of guilty to one count of a violation of 21 USC 841(a)(1) and (b) (1) (b), possession with intent to distribute cocaine.

10. Plaintiff was sentenced to serve 37 months of imprisonment, which commenced on August 1, 2006. Plaintiff's Federal Registration Number is 30343-160.

11. Plaintiff served his time and was released on Parole on March 26, 2008 to the Cornell Correction Center located in Oakland, California.

12. Plaintiff, as a condition of parole, was required to seek and find employment.

13. Because Plaintiff resides in Suisun City, California, Plaintiff began seeking employment in Solano County California.

14. When Defendant Matthew Lange, the Facility Director of the Cornell Correction Center, learned that Plaintiff was seeking employment in Solano County he approached Plaintiff and informed him that he was not allowed to look for employment in that area.

15. Plaintiff then went to the Federal Bureau of Prisons Probation Office located in Sacramento California and spoke with his Pre-Trial Officer, Ms. Sandy Hall.

16. Ms. Sandy Hall informed Plaintiff that while he was paroled to the Cornell Correction Center in Oakland, California it was permissible for him to seek and find employment in the Solano County area. However, Ms. Sandy Hall informed Plaintiff that it would be necessary for Defendant Matthew Lange to submit some departmental paper work in order to facilitate Plaintiff's employment in Solono County.

17. Plaintiff then went back to the Cornell Correction Center and informed Defendant Matthew Lange that he had spoken with Ms. Sandy Hall at the Federal Bureau of Prisons Probation Office and that he had been informed that it was in fact permissible for him to seek employment in the Solano County area.

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

18. Plaintiff informed Defendant Matthew Lange that in order to accomplish this he would be required to submit the necessary paperwork to the Federal Bureau of Prisons Probation Office in Sacramento.

19. Defendant Lange became angry and verbally abusive. Defendant Lange told Plaintiff that doing this paperwork was a hassle and too much work. For this reason, Defendant Lange said he was not going to do the paperwork necessary to enable Plaintiff to secure employment in Solano County.

20. Approximately one week later Defendant Lange approached Plaintiff and informed him that he had tested positive for Methadone.

21. Plaintiff informed Defendant Lange that this could not be possible since he had not consumed any illegal drugs since being released on parole. Plaintiff informed Defendant Lange that, even when he previously used drugs recreationally, he did not use opiates and had never used Methadone.

22. Approximately one week later, Plaintiff was awakened from his sleep and informed that Defendant Matthew Lange wanted to speak with him.

23. Plaintiff was taken instead to see Nicole Scher he was to be given a hearing regarding the positive test for Methadone.

24. At the hearing Plaintiff denied guilt, denied using any illegal drugs and specifically denied using Methadone. Plaintiff was not shown the results of the drug test where he had allegedly tested positive.

25. Plaintiff was thereafter seized by U. S. Marshals and transported to FCI Dublin. Plaintiff remained at the Dublin facility until June 11, 2008 when he was transferred to the Victorville facility.

26. When Plaintiff arrived at the Victorville facility he was placed in "the hole" allegedly for his protection. He remained in this isolated confinement until he was transferred to Lompoc on June 16, 2008.

27. When Plaintiff arrived at the Lompoc facility he was again placed in "the hole." Plaintiff was told that he was being placed in "the hole" because Lompoc had not received his

Plaintiff's Complaint for Damages

4

18. Plaintiff informed Defendant Matthew Lange that in order to accomplish this he would be required to submit the necessary paperwork to the Federal Bureau of Prisons Probation Office in Sacramento.

19. Defendant Lange became angry and verbally abusive. Defendant Lange told Plaintiff that doing this paperwork was a hassle and too much work. For this reason, Defendant Lange said he was not going to do the paperwork necessary to enable Plaintiff to secure employment in Solano County.

20. Approximately one week later Defendant Lange approached Plaintiff and informed him that he had tested positive for Methadone.

21. Plaintiff informed Defendant Lange that this could not be possible since he had not consumed any illegal drugs since being released on parole. Plaintiff informed Defendant Lange that, even when he previously used drugs recreationally, he did not use opiates and had never used Methadone.

22. Approximately one week later, Plaintiff was awakened from his sleep and informed that Defendant Matthew Lange wanted to speak with him.

23. Plaintiff was taken instead to see Nicole Scher he was to be given a hearing regarding the positive test for Methadone.

24. At the hearing Plaintiff denied guilt, denied using any illegal drugs and specifically denied using Methadone. Plaintiff was not shown the results of the drug test where he had allegedly tested positive.

25. Plaintiff was thereafter seized by U. S. Marshals and transported to FCI Dublin. Plaintiff remained at the Dublin facility until June 11, 2008 when he was transferred to the Victorville facility.

26. When Plaintiff arrived at the Victorville facility he was placed in "the hole" allegedly for his protection. He remained in this isolated confinement until he was transferred to Lompoc on June 16, 2008.

27. When Plaintiff arrived at the Lompoc facility he was again placed in "the hole." Plaintiff was told that he was being placed in "the hole" because Lompoc had not received his

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

paperwork from Plaintiff's releasing institution when in fact Plaintiff's releasing institution was Lompoc.

28. On or about July 2, 2008 Plaintiff finally received copies of the paperwork that formed the basis of his violation while at the Cornell facility and subsequently caused his reincarceration.

29. Plaintiff was shocked to read that the report stated that he had "admitted" to taking an "unprescribed medication." When in fact, Plaintiff had not admitted to taking any medication or drug other than an over-the-counter Motrin.

30. When Plaintiff examined the test results he noticed that the numbers on the test did not correspond to the correct number for his drug sample. When Plaintiff looked closer he discovered that the sample that was positive for Methadone was in fact not his test.

31. Plaintiff discovered that the paperwork that the violation was based upon had a laboratory report with a specimen number of 444211 when in fact his specimen identification number was 444221.

32. Plaintiff immediately went to Ms. Johnson a member of the staff at Lompoc and showed her his paperwork and pointed out the mistake that had been made.

33. Despite clearly pointing out the fact that a mistake had been made Plaintiff was held in Lompoc for and additional two weeks.

34. Due to the acts of Defendant Matthew Lange and the other Defendants Plaintiff was wrongly incarcerated for a period of 75 days of which Plaintiff spent 30 to 45 days in "the hole."

35. During the period of time that that Plaintiff Ronald Austin was wrongly incarcerated Plaintiff's wife, Plaintiff Deborah Austin, was deprived of the comfort, assistance and support of her spouse.

36. Plaintiff is required to comply with an administrative claim requirement under Federal law. Plaintiff has complied with all applicable requirements and a copy of the claim that was filed is attached as Exhibit A.

//

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

Plaintiff's Complaint for Damages

5

## FIRST CLAIM FOR RELIEF

### [42 U. S. C. Section 1983-All Defendants]

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 36, as if fully written herein.

38. In doing the acts complained of herein, Defendant Matthew Lange and/or DOES 1 through 50, did act under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

    (a)    the right to be free from illegal seizures of person;

    (b)    the right to free of false arrest;

    (c)    the right to be free from illegal deprivations of liberty.

39. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the Constitution of the United States. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants and DOES 1 to 50, Plaintiff suffered loss of liberty and damages as alleged in this Complaint and Plaintiff is therefore entitled to relief.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### [False Arrest-All Defendants]

40. Plaintiffs hereby incorporate by reference paragraphs 1 through 39, inclusive, as if herein fully written.

41. In committing the acts complained of herein, Defendants Matthew Lange, and DOES 1 through 50 acted under color of state law by falsely arresting and detaining the Plaintiff with no valid reason in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiff's right to liberty.

42. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants and DOES 1 to 50, Plaintiff suffered loss of liberty and damages as alleged in this

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

Complaint and Plaintiff is therefore entitled to relief.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

### [False Imprisonment-All Defendants]

43. Plaintiffs hereby incorporates by reference paragraphs 1 through 42, inclusive, as if herein fully written.

44. Plaintiff avers that the Defendants breached a duty of care owed to Plaintiff, so as not to deprive him of his personal liberty, by intentionally restraining or detaining Plaintiff without just cause.

45. Plaintiff avers that the Defendants Matthew Lange, and DOES 1 through 50, without probably cause, wrongfully and unlawfully detained and restrained Plaintiff against his will without his consent and over protest.

46. At no time during the detainment did Plaintiff resist or attempt to resist the Defendants, but fully cooperated with the orders of the Defendants.

47. Plaintiff therefore avers that the Defendants are liable to him for false imprisonment.

48. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiffs suffered loss of liberty and damages as alleged in this Complaint and Plaintiff is therefore entitled to relief.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

### [Negligence-All Defendants]

49. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 48, as if fully written herein.

50. Defendant Matthew Lange, and DOES 1 through 50, acting within the course and scope of their employment for Defendant U. S. Federal Bureau of Prisons and Cornell Correction Center, owed plaintiff a duty to use due care at, or about the times, of the

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

aforementioned incident.

51. In doing the aforementioned acts and/or omissions, Defendant Matthew Lange, and DOES 1 through 50, negligently breached said duty to use due care, directly and proximately resulting in said injuries and damages to the Plaintiff as alleged herein.

52. Defendant U. S. Federal Bureau of Prisons and Cornell Correction Center is therefore liable in respondeat superior for the negligence of its employees and agents within the course and scope of their employment and agency as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

### [Intentional Infliction of Emotional Distress-All Defendants]

53. Plaintiff hereby incorporates by reference paragraphs 1 through 52, inclusive, as if herein fully written.

54. As a result of the wrongful, intentional and malicious acts of Defendant Matthew Lange, and/or DOES 1 through 50, acting in the course and scope of their employment for Defendant U. S. Federal Bureau of Prisons and Cornell Correction Center, the illegal seizure and deprivation of liberty of Plaintiff caused him to suffer extreme and severe humiliation and mental anguish and Plaintiff has therefore been injured in his mind and body.

55. As a proximate result of the acts of Defendants' willful, wanton and malicious conduct, plaintiff was placed in "the hole" and has suffered extreme depression, mental anguish and emotional distress, to plaintiff's general damage according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

### [Negligent Infliction of Emotional Distress-All Defendants]

56. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 55, as if fully written herein.

57. At the time of the incidents alleged herein, Defendant Matthew Lange, and/or

DOES 1 through 50, acting in the course and scope of their employment for Defendant U. S. Federal Bureau of Prisons and Cornell Correction Center, owed Plaintiff a duty to use due care so as not to negligently cause Plaintiff to suffer emotional distress.

58. In doing the aforementioned acts and/or omissions, Defendant Matthew Lange, and/or DOES 1 through 50, negligently breached said duty to use due care, directly and proximately resulting in the negligent infliction of emotional distress to the Plaintiff.

59. Defendant U. S. Federal Bureau of Prisons and Cornell Correction Center, is therefore liable as respondeat superior for the negligence of its employees and agents within the course and scope of their employment and agency as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF

### [Loss of Consortium-All Defendants]

60. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 59, as if fully written herein.

61. Plaintiff Ronald Austin and Plaintiff Deborah Austin were at all times herein relevant, and are now, husband and wife.

62. Defendant Matthew Lange, and/or DOES 1 through 50, negligently, without probably cause, wrongfully and unlawfully detained and restrained Plaintiff against his will without his consent and over protest thereby depriving him of his personal liberty.

63. By reason of this negligent deprivation of Plaintiff Ronald Austin's liberty his wife, Plaintiff Deborah Austin, was deprived and denied the conjugal society, comfort, affection, companionship and love of her husband.

64. As a result of Plaintiff Ronald Austin's wrongful incarceration Plaintiff Deborah Austin was denied the consortium of her husband for the duration of her husband's incarceration.

//

//

## III.

## DEMAND FOR JURY TRIAL

65. Plaintiff hereby demands a jury trial in the above-entitled action.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court to advance this case on the docket, order a speedy hearing and jury trial at the earliest practicable date, cause this case to be in every way expedited and upon such hearing and/or jury trial to:

1. General damages according to proof;
2. Special damages according to proof;
3. For Attorney's fees;
4. For costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

Dated: October 7, 2010

_____
Bert Carter, Jr.
Attorney for Plaintiffs

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

LAW OFFICE OF
BERT
CARTER, JR.
FRANKLIN ST., SUITE 300
OAKLAND, CA 94612
(510) 465-7727
FAX (510) 465-7427

Plaintiff's Complaint for Damages

11

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>United States Dept. of Justice Federal Bureau of Prisons<br>United States Dept. of Justice Federal Bureau of Prisons - Cornell Companies<br>United States Dept. of Probation/Supervised Release | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Ronald IAustin            Byron C. Thompson, Esq.<br>377 Jacaranda Drive        1714 Franklin St., Ste. 350<br>Suisun, CA 94585           Oakland, CA 94612 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>12-13-58 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>05/12/08 | 7. TIME (A.M. OR P.M.)<br>10:18 a.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See attached affidavit.

### 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

### 10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Claimant was falsely arrested and imprisoned based on the negligence of the parties herein in that said parties did acts based on a negligent act whererin a drug test result under identification number 444221, a positive test for methadone was attributed to claimant whose identification number was 444211. Claimant was deprived of his due process of law as he was not provided with and documents which supported his re-incarceration until several months after his hearing.

### 11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Matthew Lange | 205 MacArthur Blvd., Oakland, CA 94610 |
| Nicole Sher | 205 MacArthur Blvd., Oakland, CA 94610 |
| Mrs. Johnson, Case worker | 3600 Guard Road, Lompoc, CA 93436 |
| Christopher Cruz | 501 I Street, Ste. 9-400, Sacramento, CA 95814 |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) | |
| | $2,400,000.00 | | $2,400,000.00 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Ronald Austin* | 13b. Phone number of person signing form<br>707-428-4495 | 14. DATE OF SIGNATURE<br>12-09-08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                         NSN 7540-00-634-4046                         STANDARD FORM 95
                                                                                                                                   PRESCRIBED BY DEPT. OF JUSTICE
                                                                                                                                   28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

Not applicable.

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount.

Not applicable.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not applicable.

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

Not applicable.

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

1  Byron C. Thompson (SBN 85675)
   **LAW OFFICES OF BYRON C. THOMPSON**
2  1714 Franklin Street, Ste. 350
   Oakland, CA  94612
3  Telephone: (510)835-1600
   Facsimile: (510)835-2077
4
   Attorney for Claimant
5  **RONALD AUSTIN, Jr.**
6

7              **UNITED STATES OF AMERICA**

8                  **CLAIM FOR DAMAGES**

9

10
    RONALD AUSTIN, Jr.,
11
                                    **AFFIDAVIT OF RONALD**
12                                  **AUSTIN, Jr. IN SUPPORT OF**
                Claimant,           **CLAIM FOR DAMAGES**
13       v.

14  UNITED STATES OF AMERICA,

15
                Defendant.
16  _____/

17

18  I, Ronald Austin, declare:

19       1.   I am a former inmate who was in the custody of the
20  of the Federal Department of Corrections after pleading guilty to
21  one count of a violation of 21 USC 841(a)(1) and (b)(1)(B),
22  possession with intent to distribute cocaine.
23       2.   I was sentenced to 37 months of imprisonment which
24  which commenced on August 1, 2006.
25       3.   My federal registration number is 30343-160.
26       4.   On or about March 26, 2008, I was released to the
27  Cornel Correction Center in Oakland, California.
28  //

5. About three to four weeks after arriving at Cornel, the director, Mr. Lange denied me the ability to search for employment within the Eastern District of California where my residence was citing "complex paperwork" that was "too much trouble to do".

6. I spoke to a pretrial officer of the Eastern District, Sandy Hall, who informed that all that was needed was for Cornel to send a memo to the Eastern District and I would be able to travel there in search of employment.

7. When I brought this to Mr. Lange's attention, he became angry and raised his voice at me, telling me that there was nothing he was going to do about the problem and that I could not search for employment in the Eastern District.

8. On May 10, 2008, I was in a meeting with one of the Cornel employee's, Mr. Sturgis, I was informed that a rendom drug test apparently came up positive for me. Mr. Sturgis told me not to worry as no incident report had been generated yet.

9. On May 12, 2008, Mr. Lange got me from the sleep area and took me to another Cornel employee, Ms. Scher, who wrote an incident report up on me.

10. I was then asked whether I wanted to waive my right to a hearing to which I replied "no". At the time, I could see U.S. Marshalls waiting for me in the office.

11. Mr. Lange asked me whether I wanted to plead "guilty" or "not guilty". I replied "guilty to what". He then raised his voice and yelled "guilty or not guilty".

12. I stated that the only thing I was guilty of was taking a Motrin pill for my toothache which Mr. Lange was already

2

1 | aware of.

2 |     13. Mr. Lange then said "You are going back into
3 | custody".

4 |     14. At no time was I shown any documentation, including
5 | the results of the random drug test, which would support my
6 | violation. I knew that I could not have tested positive for
7 | methadone as I have never used this substance in my life and have
8 | no history of using heroin.

9 |     15. Thereafter, I was handcuffed by the Marshalls and
10 | taken to FCI Dublin.

11 |     16. At Dublin, I prepared and forwarded a BP-203(13)
12 | request asking for someone to look into the travesty I found myself
13 | in as a result of the foregoing. The same was rejected by the
14 | Administrative Remedy Coordinator as I had not filed a BP-9 at
15 | Dublin for the Warden's review and response.

16 |     17. I remained in Dublin until June 11, 2008 when I was
17 | transferred to the Victorville facility where I was put in the
18 | "hole".

19 |     18. I was transferred fro Victorville to the Lompoc
20 | facility on June 16, 2008 where I was again incarcerated in the
21 | "hole" for two (2) weeks and told it was because Lompoc had not
22 | received the paperwork from my "releasing institution". Lompoc was
23 | my releasing institution.

24 |     19. On or about July 2, 2008, I finally received copies
25 | of the paperwork which formed the basis of my violation at Cornel
26 | and resulted in my incarceration.

27 |     20. I immediately noticed the Discipline Report was
28 | incorrectly filled out. It stated that I "admitted" to taking an

1  "unprescribed medication". That was a false statement.

2     21. While I was informed that I could call witnesses and have staff represent me, I waived those rights as I knew that all I had done was take a Motrin. I was completely unaware of any charge that had me testing positive for methadone.

3     22. The most serious error I discovered in my paperwork was that my violation was based on a laboratory report with my name on it, but with a specimen identification number of 444221. My specimen identification number at that time was 444211.

4     23. Upon finding this error, I went to see a case worker at Lompoc, Mrs. Johnson. I explained to her what I had been trying to tell Federal Bureau of Prisons employees all along. Mrs. Johnson followed up on my case by forwarding the information to the pertinent departments including Christopher Cruz at the Community Corrections Department.

5     24. I was finally released from Lompoc on July 14, 2008 back to Cornel House.

6     25. It is clear that someone either negligently or intentionally placed my name on someone else's drug report.

7     26. It is also clear that no one desired to accord me my rights in contesting the violation by providing me with the documents which I could have utilized in order to prevent my re-incarceration of ninety-four (94) days of which twenty-one (21) were spent in the "hole".

8     27. As a result of the foregoing, I am claiming depravation of my civil rights by denial of due process, false arrest and false imprisonment, negligent and/or intentional

//

1 | infliction of emotional distress.
2 |     28. If called as a witness, I could competently testify
3 | to the foregoing.
4 |     I declare under penalty of perjury under the laws of the
5 | State of California that the foregoing is true and correct.
6 |     Executed this 14th day of April 2009 at Oakland,
7 | California.

Ronald Austin, Jr.

# CALIFORNIA ALL-PURPOSE
## CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of __Alameda__

On __APRIL 14, 2009__ before me, __Howard Leong, Notary Public__,
(Here insert name and title of the officer)

personally appeared __RONALD AUSTIN, JR__,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

HOWARD LEONG
COMM. #1671793
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires June 28, 2010

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

__AFFIDAVIT__
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual(s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com