UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD AUSTIN, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MATTHEW LANGE, et al.,<br><br>    Defendants. | Case No: C 10-4551 SBA<br><br>**ORDER**<br><br>Docket 3, 7, 21 |

Plaintiffs have brought the instant civil rights action under 42 U.S.C. § 1983 against Defendants. The parties are presently before the Court on the motion to dismiss of the United States of America ("United States"), brought on behalf of named Defendant U.S. Federal Bureau of Prisons, Dkt. 7, as well as the motion to dismiss of Defendants Cornell Companies dba Cornell Corrections Center and Matthew Lange (collectively "Cornell Corrections"), Dkt. 21. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS WITHOUT LEAVE TO AMEND the United States' motion and ORDERS the parties to submit further briefing with regard to the motion of Cornell Corrections as directed below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

    **A.    FACTUAL BACKGROUND**

Plaintiff Ronald Austin ("Ronald" or "Plaintiff") was sentenced to serve 37 months of imprisonment in a federal corrections facility for violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b), possession with intent to distribute cocaine. Dkt. 1 ¶9, 10. His sentence commenced on August 1, 2006. Id. On March 26, 2008, Plaintiff was released on parole to the Cornell Corrections Center in Oakland, California. Id. § 11. Defendant Matthew Lange

("Lange") was the facility director.  Id. § 14.  As a condition of parole, Plaintiff was required to seek employment.  Id. § 12.  Plaintiff began seeking employment in Solano County, California.  Id. § 13.  Lange informed Plaintiff that he could not seek employment in Solano County.  Id. § 14.  Plaintiff spoke with his pre-trial officer who told him that he was permitted to seek employment in Solano County, but Lange would be required to complete certain paperwork.  Id. § 16.  When Plaintiff informed Lange that he could seek employment in Solano County, but Lange had to submit the required paperwork, Lange allegedly became angry and verbally abusive, stating that the "paperwork was a hassle and too much work."  Id. § 19.

A week later, Lange told Plaintiff that he had tested positive for methadone.  Id. § 21.  A week after that, Plaintiff was awakened from his sleep and advised that Lange wanted to speak with him, but, instead, he was taken to a hearing pertaining to his alleged use of methadone.  Id. §§ 22, 23.  Plaintiff denied using drugs, but he was transported to the federal corrections institute in Dublin.  Id. § 25.  Plaintiff remained at the Dublin facility until June 11, 2008, at which time he was transferred to the Victorville facility.  Id. § 25.  At the Victorville facility, Plaintiff was placed in isolation until he was transferred to Lompoc on June 16, 2008.  Id. § 26.  At Lompoc, Plaintiff was placed in isolation.  Id. § 27.

On July 2, 2008, for the first time, Plaintiff received the paperwork forming the basis of the allegations that he had used methadone.  Id. § 28.  The paperwork indicated Plaintiff had admitted to use of "unprescribed medication," when he had not.  Id. § 29.  Further, the sample that tested positive for methadone was not Plaintiff's sample, as it did not have Plaintiff's specimen number, but someone else's number.  Id. §§ 30, 31.  Plaintiff informed staff at Lompoc of the mistake, but he was held for two more weeks.  Id. §§ 32, 33.

On December 9, 2008, Plaintiff filed a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, for damages with the United States Department of Justice Federal Bureau of Prisons; United States Department of Justice Federal Bureau of Prisons—Cornell Companies; and United States Department of Probation/Supervised Release.  Dkt. 1, Ex. A.  In the claim, Plaintiff alleges that, as a result of the negligence of

Lange and other individuals, Plaintiff was falsely arrested and imprisoned in deprivation of his due process rights when the wrong positive test for methadone was attributed to him. Id.

On April 2, 2009, Harlan W. Penn ("Penn"), Regional Counsel for the Bureau of Prisons, wrote a letter to Plaintiff's counsel stating that the FTCA claim was being sent back because it did not contain the original signature of Plaintiff and because it did not contain proof of counsel's ability to act on Plaintiff's behalf.  Dkt. 18, Ex. A.  On April 14, 2009, Plaintiff's counsel resubmitted the FTCA claim.  Dkt. 18 at 3.  On April 30, 2009, Plaintiff's counsel received a letter from Cornell Corrections' insurer stating that it was in receipt of Plaintiff's FTCA claim.  Id., Ex. B.  On May 5, 2009, Penn wrote acknowledging receipt of Plaintiff's second FTCA claim.  Id., Ex. C.  In August 2009, Plaintiff's counsel suffered a debilitating heart attack requiring him to close his office and establish a conservatorship.  Id., Ex. D.  Plaintiff was left without counsel while his counsel's family went through counsel's files and made efforts to cover his cases.  Dkt. 18 at 4.  On April 8, 2010, Penn wrote a letter rejecting Plaintiff's FTCA claim, stating that Plaintiff had six months to file suit.  Dkt. 18, Ex. E.  On September 15, 2010, Plaintiff contacted his new and current counsel.  Dkt. 18.

**B.   PROCEDURAL BACKGROUND**

On October 7, 2010, Plaintiff filed his complaint within six months of the April 8, 2010 letter rejecting his FTCA claim.  Dkt. 1.  Plaintiff brings the complaint against Defendants Lange, Cornell Corrections Center, and the U.S. Federal Bureau of Prisons. Dkt. 1.  Plaintiff alleges causes of action for violations of 42 U.S.C. § 1983; false arrest; false imprisonment; negligence; intentional infliction of emotional distress; and negligent infliction of emotional distress.  Id.   Plaintiff Deborah Austin, Plaintiff's wife, asserts a claim for loss of consortium.  Id.

On November 29, 2010, Defendants Lange and Cornell Companies dba Cornell Corrections Center filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) arguing, inter alia, that Plaintiff's claims were barred by a two-

1  year statute of limitations, except for the claims for false arrest and imprisonment, which
2  are barred by a one-year statute of limitations.  Dkt. 3.  On December 22, 2010, Plaintiff
3  opposed the motion, and, on May 6, 2011, filed an amended opposition.  Dkt. 10, 18.  In his
4  initial opposition, Plaintiff conceded his claims were time-barred as pleaded, but requested
5  leave to amend to plead facts showing that, except for the false arrest and imprisonment
6  claims, the claims were not time-barred because the time to file the claims was tolled by the
7  filing of his FTCA claim.  Dkt. 10 at 2, 4.  In his subsequent opposition, Plaintiff argues
8  that Cornell Corrections is estopped from asserting the statute of limitations because the
9  letter from Penn stated that he had six months to file suit.  Cornell Corrections responded to
10 both oppositions.  Dkt. 14, 19.  In both replies, Cornell Corrections and Lange assert that
11 Plaintiff's claims are time-barred and that Plaintiff cannot state a Bivens civil rights claim
12 against them.  Id.  Moreover, Cornell Corrections and Lange also maintain that the statute
13 of limitations was not tolled by Plaintiff's filing of a FTCA claim.  Id.  Recognizing that an
14 FTCA claim is only needed in connection with a suit against the United States for the torts
15 of federal agencies and individuals, Cornell Corrections and Lange assert they are not
16 federal agencies or individuals, but private entities, and therefore it was not proper to file a
17 FTCA claim as to them.  Id.  Consequently, Cornell Corrections and Lange contend the
18 filing of the FTCA claim could not have tolled the statute of limitations on any claims
19 against them.  Id.  In their reply addressing Plaintiff's second opposition, Defendants
20 request that the Court strike Plaintiff's second opposition and argue that Plaintiff cannot
21 establish equitable estoppel.  Dkt. 19.
22         On December 17, 2010, the United States filed a motion to dismiss under Rule
23 12(b)(6) on behalf of Defendant U.S. Federal Bureau of Prisons, arguing that it should be
24 substituted as the Defendant.  Dkt. 7.  The United States also asserted that the complaint
25 should be dismissed because the Court lacked subject matter jurisdiction (1) over Plaintiff's
26 constitutional claims for damages against the United States; (2) over Plaintiff's tort claims
27 because Plaintiff failed to meet the statutory prerequisites to suit pursuant to the FTCA; and
28 (3) over Plaintiff's tort claims because the independent contractor and false imprisonment

exceptions to the FTCA apply in the instant action.  Id.  The United States further argued that Plaintiff has failed to state a claim because no due process rights exist for an inmate to be housed in any particular penal facility or to be housed in any particular kind of cell.  Id.  On June 8, 2011, Plaintiff filed a statement of non-opposition wherein he stated that he does not oppose the granting of the United States' motion to dismiss.  In light of Plaintiff's non-opposition, the Court GRANTS WITHOUT LEAVE TO AMEND the United States' motion to dismiss.

## II.     LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.    DISCUSSION

As discussed more fully below, the Court finds supplemental briefing is necessary to resolve the motion to dismiss of Lange and Cornell Corrections.  Central to the resolution of the motion of Cornell Corrections and Lange regarding dismissal of Plaintiff's civil rights claim and tort claims is resolution of the issues of whether Plaintiff's filing of a claim under the FTCA tolled the statute of limitations, and whether Penn's response to the claim

1  equitably estops these Defendants from asserting the statute of limitations.  However,
2  before the Court is able to assess the statute of limitations issues, it must clarify Plaintiff's
3  claims against Defendants.
4        Plaintiff asserts a civil rights claim for deprivation of his due process rights under
5  the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  Section 1983 applies to state
6  actors, not federal actors like Lange and Cornell Corrections.  Where a federal actor is
7  involved, the correct claim is under Bivens, named after the seminal case of Bivens v. Six
8  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Lange and
9  Cornell Corrections conclusorily contend that the Plaintiff is unable to establish a Bivens
10 claim against them because they are private actors, not governmental actors, but they make
11 no mention of the Ninth Circuit's holding to the contrary in Pollard v. GEO Group, Inc.,
12 607 F.3d 583, 585 (9th Cir. 2010).
13       In Pollard, Defendant GEO Group, Inc. was under contract with the Federal Bureau
14 of Prisons and operated Taft Correctional Institution.  Id. at 585.  Pollard was a federal
15 inmate who was injured and sued, alleging violations of his Eighth Amendment rights and
16 seeking damages under a Bivens claim.  The district court had dismissed GEO Group, Inc.,
17 finding that it was a private entity not subject to suit.  Id.  The Ninth Circuit reversed,
18 holding that GEO Group, Inc. performed the public function of incarceration, and therefore
19 was a federal actor subject to suit under Bivens.  Id. at 593.  Additionally, the Ninth Circuit
20 held that employees of a private corporation contracted to run a federal prison are subject to
21 suit because they act under color of federal law for Bivens liability purposes.  Id. at 593.
22       Neither party addresses Pollard and how the case affects Plaintiff's claims against
23 Lange and Cornell Corrections.  Moreover, although Plaintiff asserts that his civil rights
24 and tort claims are tolled by the filing of his claim under the FTCA, neither party addresses
25 this issue within the legal framework applicable to a Bivens claim.  See, e.g., Dees v.
26 California State University, Hayward, 33 F.Supp.2d 1190, 1204-05 (N.D. Cal. 1998)
27 (discussing equitable tolling of Bivens claim).
28

The applicable state's personal injury statute of limitations properly applies to Bivens claims. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991). Effective January 1, 2003, California's personal injury statute of limitations is a two-year period. Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007). In addition to applying the forum state's statute of limitations, the state's law regarding equitable tolling applies to the extent it is not inconsistent with federal law. Id. Under California's equitable tolling doctrine, the statute of limitations is tolled when an individual has several formal legal remedies and reasonably and in good faith pursues one. Jones v. Tracy School Dist., 27 Cal.3d 99, 108 (1980). Whether these proceedings equitably tolled the statute of limitations on Plaintiff's claims requires consideration of three elements: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence for the second claim; (3) good faith and reasonable conduct by the plaintiff. Addison v. State of California, 21 Cal.3d 313, 319 (1978). Thus, the issue is whether Plaintiff's pursuit of his FTCA claim equitably tolled the statute of limitations on Plaintiff's Bivens and state law claims. While Plaintiff generally asserts that it does, neither party addresses whether the legal elements of the equitable tolling doctrine exist in the instant action.

The Court finds that supplemental briefing on the issues not addressed by the parties is necessary for resolution of the motion to dismiss of Lange and Cornell Corrections. The issues are whether Plaintiff may assert a claim against Defendants under Bivens in light of Pollard, and, whether California's equitable tolling doctrine tolls the running of the statute of limitations on the Bivens and state law claims because Plaintiff filed a claim under the FTCA. As to equitable tolling, the Court wishes the parties to address the facts that Plaintiff's FTCA claim specifically names Cornell Corrections and that Plaintiff has provided proof that Lange and Cornell Corrections received the FTCA claim, i.e., the letter from Cornell Corrections' insurer acknowledging receipt of the FTCA claim. In particular, the Court directs the parties to address whether these facts establish the first and second elements of equitable tolling. In directing the parties to address these facts, the Court is not limiting the parties' discussion of the elements of equitable tolling to these two facts. The

parties should detail all relevant facts and make all pertinent arguments concerning the issues about which this Court directs supplemental briefing.

## IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. The United States' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

1. By no later than November 11, 2011, the remaining parties shall file simultaneous initial supplemental briefs of no more than ten pages addressing the issues detailed here.  By no later than November 18, 2011, the parties shall file simultaneous reply briefs of no more than five pages addressing the issues detailed here.

3. The hearing and Case Management Conference scheduled for November 1, 2011 are VACATED and the Case Management Conference will be rescheduled when the Court issues its order resolving the instant motion to dismiss.

4. This Order terminates Docket 7.

IT IS SO ORDERED.

Dated: November 2, 2011              _____
                                     SAUNDRA BROWN ARMSTRONG
                                     United States District Judge