UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD AUSTIN, DEBROAH AUSTIN,<br><br>          Plaintiffs,<br><br>   vs.<br><br>MATTHEW LANGE, CORNELL CORRECTIONS CENTER, U.S FEDERAL BUREAU OF PRISONS, and DOES 1-50,<br><br>          Defendants. | Case No: C 10-4551 SBA<br><br>**ORDER**<br><br>Docket 3 |

Plaintiffs Ronald Austin ("Austin") and Debroah Austin (collectively, "Plaintiffs") bring the instant action against Defendants Matthew Lange ("Lange"), Cornell Corrections Center ("Cornell Corrections"), and the U.S. Federal Bureau of Prisons ("BOP"), alleging federal and state law claims arising out of Austin's alleged false arrest and wrongful incarceration. See Compl., Dkt. 1. The parties are presently before the Court on Cornell Corrections and Lange's (collectively, "Cornell Corrections") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 3. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART Cornell Corrections' motion to dismiss. The Court DISMISSES Austin's federal claim without leave to amend and declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims, which are DISMISSED without prejudice to the refiling of said claims in a state court action. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.' " Zixiang Li v. Kerry, 710 F.3d 995, 998-999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

## II. DISCUSSION[1]

Austin is a former federal prisoner. He was released from prison in March 2008 to Cornell Corrections, which operates a halfway house in Oakland, California, under a contract with the BOP. In October 2010, Austin and his wife commenced the instant action against the BOP, Cornell Corrections, and Lange,[2] alleging one civil rights claim under § 1983 and six state law claims, including claims for false arrest, false imprisonment, and negligence. Plaintiffs allege that Austin was falsely arrested and wrongly imprisoned based on a positive drug test for Methadone that was submitted by another individual. According to Plaintiffs, the laboratory report indicates that the positive drug test was for specimen identification number 444211. However, Austin's drug test specimen identification number

---

[1] The parties are familiar with the facts of this case, which are set forth in detail in the Court's prior order dismissing the BOP from this action. Dkt. 26. As such, the Court will only recite those facts that are necessary to resolve the instant motion.

[2] Lange was the Facility Director of Cornell Corrections at all relevant times. Compl. ¶ 5.

was 444221.  Due to this "mistake" and an inaccurate report stating that Austin admitted to taking an "unprescribed medication," Austin alleges that he was incarcerated for a period of seventy-five days.  Plaintiffs assert that Lange and other unidentified employees of Cornell Corrections negligently breached their duty to use due care, which directly caused the injuries and damages giving rise to this action.

### A.    Federal Claim

Plaintiffs' first claim for relief alleges a claim under § 1983.  Plaintiffs allege that Defendants violated Austin's constitutional rights under the Fourth and/or Fourteenth Amendment.  According to Plaintiffs, Lange, "in doing the acts complained of herein," acted under color of law to deprive Austin of certain constitutionally protected rights, including his right to be free from an illegal seizure of his person, false arrest, and illegal deprivation of his liberty.  As an initial matter, because § 1983 applies to state actors, and because Plaintiffs have sued a private entity and an employee of that entity acting under authority granted to them by the federal government, the Court construes this claim as one brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing the filing of an action against individual federal officers by a citizen suffering a compensable injury to a constitutionally protected interest).

In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  Nevertheless, the Supreme Court has rarely implied a Bivens remedy, doing so in only three cases:  (1) for violations of the Fourth Amendment based on illegal search and seizure, Bivens, 403 U.S. at 389; (2) for violations of the Fifth Amendment's Due Process Clause based on gender discrimination, Davis v. Passman, 442 U.S. 228, 248-249 (1979), and; (3) for violations of the Eighth Amendment based on inadequate medical care, Carlson v. Green, 446 U.S. 14, 16 n. 1, 17 (1980). Because Bivens is a judicially created remedy, federal courts have been reluctant to recognize Bivens' claims in any new contexts.  See e.g., Minneci v. Pollard, 132 S.Ct. 617, 622 (2012) ("Since Carlson, the Court has had to decide in several different

instances whether to imply a Bivens action. And in each instance it has decided against the existence of such an action."); Engel v. Buchan, 710 F.3d 698, 705 (7th Cir. 2013) (noting that the Supreme Court has not created a Bivens right of action during the last 32 years, and has reversed more than a dozen appellate decisions that had created new actions for damages).

In the instant motion, Cornell Corrections moves to dismiss Austin's federal claim on the ground that Austin cannot state a cognizable Bivens claim against Cornell Corrections or its employees, including Lange. Cornell Corrections maintains that Austin's Bivens' claim is foreclosed by the Supreme Court's decisions in Malesko and Minneci. The Court agrees.

In Malesko, the Supreme Court declined to extend Bivens liability to a private corporation operating a halfway house under a contract with the BOP. Malesko, 534 U.S. at 63, 66, 70-74 (holding that there is no implied private right of action under Bivens for damages against private entities alleged to have violated a citizen's constitutional rights). There, the Court reasoned that Bivens only allows claims against individual officers, and that the availability of alternative remedies, including state tort remedies, means that the prisoner does not lack effective remedies. See id. at 70-74 (finding no reason to extend Bivens to a private corporation because such an extension "would not advance Bivens' core purpose of deterring individual officers from engaging in unconstitutional wrongdoing"). The Court stated that "[t]he caution toward extending Bivens remedies into any new context, a caution consistently and repeatedly recognized for three decades, forecloses such an extension here." Id. at 74. Accordingly, Austin's first claim for relief against Cornell Corrections is DISMISSED without leave to amend.

While Malesko did not address the question of whether a Bivens action may be brought against an individual employee of a private corporation, the Supreme Court recently addressed this issue in Minneci. There, the Court refused to recognize an Eighth Amendment-based Bivens claim against individual employees of a privately operated correctional facility. Minneci, 132 S.Ct. at 626. The Court held that where "a federal

prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." Id. at 626.

In so holding, the Court found that plaintiff could not assert a Bivens claim "primarily because [his] Eighth Amendment claim focuses upon a kind of conduct that typically falls within the scope of traditional state tort law. And in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Minneci, 132 S.Ct. at 623 ("The existence of that alternative [process] here constitutes a 'convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'"). The Supreme Court reasoned that a prisoner in a private-run prison differed from a prisoner in a government-run prison because "[p]risoners ordinarily *cannot* bring state-law tort actions against employees of the Federal Government." Id. (emphasis in original). By contrast, "prisoners ordinarily *can* bring state-law tort actions against employees of a private firm." Id. (emphasis in original). The Supreme Court noted that in California, where plaintiff's claim arose, plaintiff could bring an action for "negligence," "want of ordinary care or skill," "negligent failure to diagnose or treat," and "failure of one with a custodial duty to care for another to protect that other from unreasonable risk of physical harm." Id. (internal quotation marks and citations omitted). Finding that California tort law provided roughly similar incentives for potential defendants to comply with constitutional requirements while also providing roughly similar compensation to victims of constitutional violations, the Court declined to imply a Bivens remedy. Id. at 625-626.

Based on the holding and reasoning in Minneci, the Court finds that Austin's Bivens' claim against Lange is subject to dismissal. This case does not fall within the narrow category of cases in which the Supreme Court has implied a Bivens remedy. Nor do the facts of this case support implying such a remedy here. The allegations in the

complaint sound in false arrest, false imprisonment, and negligence.  Indeed, the complaint specifically alleges claims under those theories.  Thus, because Austin has adequate state-law tort remedies available to him for his alleged injuries, a Bivens action may not be brought against Lange or any other employee of Cornell Corrections.  See La Ford v. Geo Group, Inc., 2013 WL 2249253, at *3 (E.D.N.Y. 2013) (finding that Minneci barred plaintiff's Bivens' claims where his allegations sounded in false imprisonment and battery because New York tort law provides adequate remedies for his alleged injuries).  Plaintiffs, for their part, have not cited any authority demonstrating that Austin may bring a Bivens claim against Lange or any other employee of Cornell Corrections.  Accordingly, Austin's first claim for relief against Lange is DISMISSED without leave to amend.[3]

### B.     Remaining State Law Claims

All of Plaintiffs' remaining claims are based upon California state law.  A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).  " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Sanford, 625 F.3d at 561.  Having now dismissed the only federal claim alleged in this action, and given the early stage of this litigation, the Court exercises its discretion and declines to assert supplemental jurisdiction over the remaining state law claims.  Accordingly, Plaintiffs' state law claims are DISMISSED without prejudice.  See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state law claims after granting summary judgment on the federal claims).

---

[3] In light of the Court's determination that Austin cannot bring a Bivens claim, the Court will not address the parties' statute of limitations and equitable tolling arguments with respect to this claim.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Cornell Corrections' motion to dismiss is GRANTED IN PART. The Court DISMISSES Austin's federal claim without leave to amend and declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims, which are DISMISSED without prejudice to the refiling of said claims in a state court action.

2. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED

Dated: March 31, 2014

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge